1   LIVIA M. KISER (SBN 285411)
      *lkiser@kslaw.com*
2   MICHAEL B. SHORTNACY (SBN 277035)
3     *mshortnacy@kslaw.com*
    KING & SPALDING LLP
4   633 West Fifth Street, Suite 1600
    Los Angeles, CA 90071
5   Telephone:  (213) 443-4355
    Facsimile:   (213) 443-4310
6

7   *Attorneys for Defendant*
    AMERICAN HONDA MOTOR CO., INC.
8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

13  ALEC PLOTTS, MARC CAINE, and          Case No. 2:22-CV-04529-CJC (ASx)
    LETICIA RIVERA, on behalf of
14  themselves and all others similarly   **DEFENDANT AMERICAN HONDA
    situated,                             MOTOR CO., INC.'S ANSWER
15                                         AND AFFIRMATIVE DEFENSES
                                          TO FIRST AMENDED
16              Plaintiffs,                COMPLAINT**

17  v.                                     FAC Filed:  October 17, 2022

18  AMERICAN HONDA MOTOR CO.,
19  INC.,                                  **<u>CLASS ACTION</u>**

20              Defendant.

21

22

23

24

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED**

**COMPLAINT**

Defendant American Honda Motor Co., Inc. ("AHM") hereby responds to the First Amended Complaint ("FAC") (ECF No. 20) by plaintiffs Alec Plotts, Marc Caine, and Leticia Rivera (collectively, "Plaintiffs") individually and on behalf of all others similarly situated, as follows:

**INTRODUCTION**

1. AHM admits that Plaintiffs purport to bring this action on behalf of themselves and other persons who allegedly purchased or leased a 2020-2022 Honda Pilot (all except LX), 2020 Honda Passport (all except Sport), 2021-2022 Honda Passport, or 2020-2022 Honda Odyssey (all except LX) vehicle. AHM specifically denies that Plaintiffs' claims have merit and further expressly denies that Plaintiffs' claims are or could be amenable to class treatment. Remainder denied.

2. AHM denies that 2020-2022 Honda Pilots (all except LX), 2020 Honda Passports (all except Sport), 2021-2022 Honda Passports, or 2020-2022 Honda Odysseys (all except LX) have "infotainment systems" as that term is broadly, colloquially, and inadequately defined by Plaintiffs, but admits these vehicles contain an audio system. AHM expressly denies the existence of a defect in this system and denies the existence of a "Defect" or "Electrical Defect" as those terms are used in the FAC. As such, AHM further specifically denies that Plaintiffs or any other persons were harmed by such a defect. Remainder denied.

3. Denied.

4. AHM expressly denies the existence of a defect and further denies the existence of a safety risk. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 4, including Plaintiff Plotts' alleged actions; therefore, denied. Remainder denied.

5. Denied. AHM expressly denies the existence of a defect and that any relation exists with previous purported class action lawsuits involving separate vehicles

1   and allegations.

2       6.     AHM admits that each brand new 2020 Honda Passport (all except Sport),

3   2021-2022 Honda Passport, and 2020-2022 Honda Odyssey (all except LX) vehicle

4   comes with a New Vehicle Limited Warranty ("NVLW"), which is the best evidence

5   of its content.  Remainder denied.

6       7.     AHM admits that it is the U.S. distributor of Honda vehicles to authorized,

7   independent dealers who are not AHM, and that it administers the NVLW for Honda

8   vehicles.  AHM lacks knowledge or information sufficient to form a belief regarding

9   allegations about the activities of independent, third-party dealers; therefore denied.

10  AHM admits that it issued Technical Service Bulletins ("TSBs") addressing isolated

11  audio issues involving some of the vehicles identified in the FAC, but denies that these

12  TSBs were ineffective in addressing said audio issues.  AHM denies that any relation

13  exists with previous purported class action lawsuits involving separate vehicles and

14  allegations and denies that the vehicles involved in those class action lawsuits had

15  defects of any kind.  Remainder denied, and AHM expressly denies the existence of a

16  defect.

17      8.     AHM admits that Plaintiffs purport to quote "complaints" on the National

18  Highway Transportation Safety Administration ("NHTSA") website, and that the

19  website is the best evidence of its content.  Remainder denied, and AHM expressly

20  denies the existence of a defect.

21      9.     AHM lacks knowledge or information sufficient to form a belief regarding

22  allegations in paragraph 9 concerning the activities of independent third-party dealers;

23  therefore, denied.  Remainder denied, and AHM expressly denies the existence of a

24  defect.

25      10.    AHM admits only that Plaintiffs purport to bring this action on behalf of a

26  "nationwide" class and certain proposed state classes.  AHM expressly denies Plaintiffs'

27  claims have merit or that Plaintiffs or putative class members are entitled to relief of

28  any kind.  AHM further denies that Plaintiffs' claims are or could ever be amenable to

class treatment.  Remainder denied.

11.   AHM lacks knowledge or information sufficient to form a belief regarding allegations in paragraph 11 concerning the hypothetical activities of Plaintiffs and other persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

12.   AHM admits that Plaintiffs purport to seek damages and restitution, as well as "notification to Class members about the Defect."  AHM expressly denies Plaintiffs' claims have merit or that Plaintiffs or putative class members are entitled to relief of any kind.  AHM further denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied, and AHM expressly denies the existence of a defect.

## PARTIES

13.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 13; therefore, denied.

14.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 14; therefore, denied.

15.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 15; therefore, denied.

16.   AHM admits that it has a place of business in Torrance, California. Remainder denied.

## JURISDICTION AND VENUE

17.   AHM admits that Plaintiffs purport to assert CAFA as the basis for subject matter jurisdiction, but denies that Plaintiffs have valid claims that are or could ever be amenable to class treatment.  Remainder denied.

18.   AHM admits that venue is proper and that AHM has a place of business in Torrance, California.  Remainder denied.

## FACTUAL ALLEGATIONS

**A. Honda's Knowledge of the Defect**

AHM'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

19.   AHM admits that it sells and distributes Honda vehicles to authorized, independent dealers who are not AHM and who market, sell or lease the Honda vehicles to consumers.  Remainder denied, and AHM expressly denies that it manufactures vehicles or sells Honda vehicles to consumers, whether directly or through agents. AHM denies that independent, authorized Honda dealers are its agents.  Remainder denied, and AHM expressly denies the existence of a defect.

20.   AHM denies that 2020-2022 Honda Pilots (all except LX), 2020 Honda Passports (all except Sport), 2021-2022 Honda Passports, or 2020-2022 Honda Odysseys (all except LX) have "infotainment systems" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 20; therefore, denied

21.   Denied.

22.   AHM denies that any of the alleged problems are attributable to a defect in any "infotainment system," (which is broadly, colloquially, and inadequately defined by Plaintiffs).  Remainder denied, and AHM expressly denies the existence of a defect.

23.   AHM admits that the audio systems in 2020-2022 Honda Pilots (all except LX), 2020 Honda Passports (all except Sport), 2021-2022 Honda Passports, and 2020-2022 Honda Odysseys (all except LX) can provide audible notifications in certain circumstances, but denies that these audible signals are the only notifications provided. Remainder denied, and AHM expressly denies the existence of a defect.

24.   Denied, and AHM expressly denies the existence of a defect.

25.   AHM admits that Plaintiffs purport to identify "complaints" on the NHTSA website and "other customer forums," and that these websites are the best evidence of their content.  Remainder denied, and AHM expressly denies the existence of a defect.

26.   AHM admits that Plaintiffs purport to identify requirements for automakers under the TREAD Act, and that this law is the best evidence of its content.

1    Remainder denied.

2        27.   AHM admits that Plaintiffs purport to identify requirements for

3    automakers under the TREAD Act, and that this law is the best evidence of its content.

4    Remainder denied.

5        28.   Denied, and AHM expressly denies the existence of a defect.

6        29.   AHM admits that Plaintiffs purport to quote "complaints" on the NHTSA

7    website, and that the website is the best evidence of its content.  Remainder denied, and

8    AHM expressly denies the existence of a defect.

9        30.   AHM admits that it settled two purported class action lawsuits: (1) *Banh*

10   *v. American Honda Motor Co. Inc.*, Case No. 2:19-cv-05984, filed in the United States

11   District Court for the Central District of California, and (2) *Conti, et al. v. American*

12   *Honda Motor Co., Inc.*, Case No. 2:19-cv-02160-CJC-GJS, filed in the United States

13   District Court for the Central District of California.  Remainder denied, and AHM

14   expressly denies the existence of a defect.

15       31.   AHM admits that Plaintiffs purport to describe the *Conti* motion for

16   preliminary approval of class settlement and various Honda TSBs, which are the best

17   evidence of their content.  Remainder denied.

18       32.   AHM admits that the *Banh* and *Conti* class action settlements did not

19   include 2020-2022 Honda Pilot (all except LX), 2020 Honda Passport (all except Sport),

20   2021-2022 Honda Passport, or 2020-2022 Honda Odyssey (all except LX) vehicles.

21   Remainder denied.

22   **B. <u>Honda's Failure to Fix the Defect</u>**

23       33.   Denied, and AHM expressly denies the existence of a defect.

24       34.   AHM admits that Honda released two versions of a ServiceNews Article

25   in March and May 2019, and that these documents are the best evidence of their content.

26   Remainder denied.

27       35.   AHM admits that Honda released TSB No. 20-058 on August 4, 2020, and

28   that this TSB is the best evidence of its content.  Remainder denied.

36.     AHM admits that Plaintiffs purport to describe TSB No. 20-058, and that this TSB is the best evidence of its content.  Remainder denied.

37.     AHM admits that Plaintiffs purport to quote TSB No. 20-058, which is the best evidence of its content.  Remainder denied.

38.     AHM admits that Honda released two new versions of TSB No. 20-058 on September 8, 2020 and September 10, 2020, which are the best evidence of their content.  Remainder denied.

39.     AHM admits that Honda released TSB No. 21-013 on February 18, 2021, and that this TSB is the best evidence of its content.  Remainder denied.

40.     AHM admits that Plaintiffs purport to quote TSB No. 21-013, and that this TSB is the best evidence of its content.  Remainder denied.

41.     AHM admits that Plaintiffs purport to quote TSB No. 21-013, and that this TSB is the best evidence of its content.  Remainder denied.

42.     AHM admits that Honda released a new version of TSB No. 20-058 on February 18, 2021, which is the best evidence of its content.  Remainder denied.

43.     AHM admits that Plaintiffs purport to quote TSB No. 20-058, which is the best evidence of its content.  Remainder denied.

44.     AHM admits that Honda released a new version of TSB No. 20-058 on May 3, 2021, which is the best evidence of its content.  Remainder denied.

45.     AHM admits that Honda released a new version of TSB No. 21-013 on July 12, 2021, which is the best evidence of its content.  Remainder denied.

46.     AHM lacks knowledge or information sufficient to form a belief regarding allegations in paragraph 46 concerning Plaintiffs' experiences and the experience of "other customers"; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

47.     AHM admits that Honda released a Job Aid in September 2021, which document is the best evidence of its content.  Remainder denied, and AHM expressly denies the existence of a defect.

1    48.    Denied, and AHM expressly denies the existence of a defect.

2    49.    Denied, and AHM expressly denies the existence of a defect.

3    **C. Honda Has Actively Concealed or Suppressed the Defect**

4    50.    Denied, and AHM expressly denies the existence of a defect.

5    51.    Denied, and AHM expressly denies the existence of a defect.

6    52.    Denied, and AHM expressly denies the existence of a defect.

7    53.    AHM lacks knowledge or information sufficient to form a belief regarding

8 allegations in paragraph 53 concerning the hypothetical activities of Plaintiffs and other

9 persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence

10 of a defect.

11    **D. Honda's New Vehicle Limited Warranty**

12    54.    AHM lacks knowledge or information sufficient to form a belief as to the

13 truth or falsity of allegations in paragraph 54; therefore, denied.

14    55.    AHM admits that each brand new 2020 Honda Passport (all except Sport),

15 2021-2022 Honda Passport, and 2020-2022 Honda Odyssey (all except LX) vehicle

16 comes with the NVLW, which is the best evidence of its content.  Remainder denied.

17    56.    AHM admits that each brand new 2020 Honda Passport (all except Sport),

18 2021-2022 Honda Passport, and 2020-2022 Honda Odyssey (all except LX) vehicle

19 comes with the NVLW.  AHM lacks knowledge or information sufficient to form a

20 belief regarding the allegation that Plaintiffs and other persons received a "warranty

21 booklet" when they purchased such a vehicle from an independent, third-party

22 dealership; therefore, denied.  Remainder denied.

23    57.    AHM admits that each brand new 2020 Honda Passport (all except Sport),

24 2021-2022 Honda Passport, and 2020-2022 Honda Odyssey (all except LX) vehicle

25 comes with the NVLW, which is the best evidence of its content.  Remainder denied.

26    58.    AHM admits that independent, third-party Honda dealerships are not

27 AHM and that Honda dealerships, in some instances, expressly assent to perform

28 warranty repairs when the conditions for warranty service are met.  Remainder denied.

1    59.    Denied.

2    60.    Denied.

3    61.    Denied, and AHM expressly denies both the existence of a defect and that

4    independent, authorized Honda dealership are its agents.

5    **E. <u>Allegations Applicable to Plaintiff Plotts</u>**

6    62.    AHM lacks knowledge or information sufficient to form a belief as to the

7    truth or falsity of the allegations in paragraph 62; therefore, denied.

8    63.    AHM admits that it maintains a website.  AHM lacks knowledge or

9    information sufficient to form a belief as to the truth or falsity of the remaining

10   allegations in paragraph 63; therefore, denied.

11   64.    AHM admits that independent, third-party Honda dealerships are not

12   AHM.  AHM lacks knowledge or information sufficient to form a belief as to the truth

13   or falsity of the allegations in paragraph 64, including alleged communications by

14   independent, third-party Honda dealerships; therefore, denied.

15   65.    AHM expressly denies the existence of a defect.  AHM denies that Plaintiff

16   Plotts' vehicle contains an "infotainment system" as that term is broadly, colloquially,

17   and inadequately defined by Plaintiffs.  AHM lacks knowledge or information sufficient

18   to form a belief as to the truth or falsity of the allegation that Plaintiff Plotts still owns

19   his 2020 Honda Pilot or regarding Plotts' subjective beliefs at the time he allegedly

20   bought his vehicle; therefore, denied.  Remainder denied.

21   66.    AHM admits that it maintains a website, and that this website is the best

22   evidence of its content.  AHM denies that Plaintiff Plotts' vehicle contains an

23   "infotainment system" as that term is broadly, colloquially, and inadequately defined

24   by Plaintiffs.  AHM expressly denies the existence of a defect.  AHM lacks knowledge

25   or information sufficient to form a belief as to the truth or falsity of the remaining

26   allegations of paragraph 66; therefore, denied.

27   67.    AHM denies that Plaintiff Plotts' vehicle contains an "infotainment

28   system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.

AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 67 therefore, denied.

68.    AHM admits that independent, third-party Honda dealerships are not AHM.  AHM denies that Plaintiff Plotts' vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 68 therefore, denied.

69.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 69; therefore, denied.

70.    AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 70; therefore, denied.

71.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 71; therefore, denied.

72.    AHM denies that Plaintiff Plotts' vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 72; therefore, denied.

73.    AHM expressly denies the existence of a defect or the alleged safety issues. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 73; therefore, denied.

74.    AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 74; therefore, denied.

75.    AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 75, including alleged communications by independent, third-

1    party Honda dealerships; therefore, denied.

2       76.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

3    or information sufficient to form a belief as to the truth or falsity of the remaining

4    allegations in paragraph 76; therefore, denied.

5       77.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

6    or information sufficient to form a belief as to the truth or falsity of the remaining

7    allegations in paragraph 77; therefore, denied.

8       78.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

9    or information sufficient to form a belief as to the truth or falsity of the remaining

10   allegations in paragraph 78, including alleged communications by independent, third-

11   party Honda dealerships; therefore, denied.

12      79.    AHM admits that it requested that Plaintiff Plotts bring his vehicle to an

13   authorized Honda dealership for diagnosis.  Remainder denied.

14      80.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

15   or information sufficient to form a belief as to the truth or falsity of the remaining

16   allegations in paragraph 80; therefore, denied.

17      81.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

18   or information sufficient to form a belief as to the truth or falsity of the remaining

19   allegations in paragraph 81, including alleged communications by independent, third-

20   party Honda dealerships; therefore, denied.

21      82.    AHM admits that on or about May 11, 2022, it received a letter from

22   Lemberg Law, counsel of record for Plotts in this action, which is the best evidence of

23   its contents.  Remainder denied, and AHM expressly denies the existence of a defect.

24      83.    AHM expressly denies the existence of a defect.  AHM lacks knowledge

25   or information sufficient to form a belief as to the truth or falsity of the remaining

26   allegations in paragraph 83; therefore, denied.

27      84.    Denied, and AHM expressly denies the existence of a defect.

28      85.    Denied, and AHM expressly denies the existence of a defect.

86.   Denied, and AHM expressly denies the existence of a defect.

87.   Denied.   AHM expressly denies the existence of a defect and that independent, third-party Honda dealerships or their employees are its agents or representatives.

**F. Allegations Applicable to Plaintiff Caine**

88.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 88; therefore, denied.

89.   AHM admits that it maintains a website.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 89; therefore, denied.

90.   AHM admits that the *Conti* settlement included certain 2018-2019 Honda Odyssey vehicles.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 90, including alleged communications by independent, third-party Honda dealerships; therefore, denied.

91.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 91; therefore, denied.

92.   AHM expressly denies the existence of a defect.   AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff Caine still owns his 2022 Honda Odyssey or regarding Caine's subjective beliefs at the time he allegedly bought his vehicle; therefore, denied.   Remainder denied.

93.   AHM admits that it maintains a website, and that this website is the best evidence of its content.   AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 93; therefore, denied.

94.   AHM admits that it maintains a website, and that this website is the best

evidence of its content.   AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 94, including alleged communications by independent, third-party Honda dealerships; therefore, denied.

95.    AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 95; therefore, denied.

96.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 96; therefore, denied.

97.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 97; therefore, denied.

98.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 98; therefore, denied.

99.    AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs. AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 99; therefore, denied.

100.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 100; therefore, denied.

101.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 101; therefore, denied.

102.    AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 102; therefore, denied.

103.    AHM denies that Plaintiff Caine's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.

1  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity

2  of the remaining allegations of paragraph 103; therefore, denied.

3      104.   AHM lacks knowledge or information sufficient to form a belief as to the

4  truth or falsity of allegations of paragraph 104; therefore, denied.

5      105.   AHM expressly denies the existence of a defect.  AHM lacks knowledge

6  or information sufficient to form a belief as to the truth or falsity of the remaining

7  allegations of paragraph 105, including alleged communications by independent, third-

8  party Honda dealerships; therefore, denied.

9      106.   AHM lacks knowledge or information sufficient to form a belief as to the

10  truth or falsity of allegations of paragraph 106; therefore, denied.

11      107.   AHM admits it received contact from Plaintiff Caine in April 2022.

12  Remainder denied, and AHM expressly denies the existence of a defect.

13      108.   AHM expressly denies the existence of a defect.  AHM lacks knowledge

14  or information sufficient to form a belief as to the truth or falsity of the remaining

15  allegations of paragraph 106, including alleged communications by independent, third-

16  party Honda dealerships; therefore, denied.

17      109.   AHM admits that it received a letter dated September 27, 2022 from

18  Lemberg Law, which is the best evidence of its contents.  Remainder denied, and AHM

19  expressly denies the existence of a defect.

20      110.   Denied, and AHM expressly denies the existence of a defect.

21      111.   Denied.  AHM expressly denies that Plaintiff Caine's vehicle contains an

22  "infotainment system" as that term is broadly, colloquially, and inadequately defined

23  by Plaintiffs.

24      112.   Denied.

25      113.   Denied.  AHM expressly denies the existence of a defect, that independent,

26  third-party Honda dealerships are its agents, and that Plaintiff Caine's vehicle contains

27  an "infotainment system" as that term is broadly, colloquially, and inadequately defined

28  by Plaintiffs.

### G. Allegations Applicable to Plaintiff Rivera

114.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 114; therefore, denied.

115.   AHM admits that it maintains a website.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 115; therefore, denied.

116.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 116, including alleged communications by independent, third-party Honda dealerships; therefore, denied.

117.   AHM expressly denies the existence of a defect.  AHM denies that Plaintiff Rivera's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff Rivera still owns her 2020 Honda Pilot; therefore, denied.  Remainder denied.

118.   AHM admits that it maintains a website, and that this website is the best evidence of its content.  AHM denies that Plaintiff Rivera's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 118; therefore, denied.

119.   AHM admits that it maintains a website, and that this website is the best evidence of its content.  AHM denies that Plaintiff Rivera's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.  AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 119, including alleged communications by independent, third-party Honda dealerships; therefore, denied.

120.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 120; therefore, denied.

121.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 121; therefore, denied.

122.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 122; therefore, denied.

123.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 123; therefore, denied.

124.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 124; therefore, denied.

125.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 125, including alleged actions by independent, third-party Honda dealerships; therefore, denied.

126.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 126; therefore, denied.

127.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 127; therefore, denied.

128.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 128; therefore, denied.

129.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations of paragraph 129, including alleged beliefs and actions by independent, third-party Honda dealerships; therefore, denied.

130.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 130; therefore, denied.

131.   AHM expressly denies the existence of a defect.  AHM lacks knowledge

or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 131; therefore, denied.

132.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 132; therefore, denied.

133.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 133, including alleged actions by independent, third-party Honda dealerships; therefore, denied.

134.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 134; therefore, denied.

135.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 135; therefore denied.

136.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 136; therefore, denied.

137.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 137; therefore, denied.

138.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 138; therefore, denied.

139.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 139; therefore, denied.

140.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations in paragraph 140; therefore, denied.

141.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 141, including alleged actions by independent, third-party Honda dealerships; therefore, denied.

142.   AHM expressly denies the existence of a defect.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 142; therefore, denied.

143.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 143; therefore, denied.

144.   AHM admits that Honda received a letter from Plaintiff Rivera dated October 10, 2022, which is the best evidence of its contents.  AHM expressly denies the existence of a defect.  Remainder denied.

145.   Denied, and AHM expressly denies the existence of a defect.

146.   Denied, and AHM expressly denies that Plaintiff Rivera's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.

147.   Denied.

148.   Denied.  AHM expressly denies the existence of a defect, that independent, third-party Honda dealerships are its agents, and that Plaintiff Rivera's vehicle contains an "infotainment system" as that term is broadly, colloquially, and inadequately defined by Plaintiffs.

## CLASS ACTION ALLEGATIONS

**A. The Class**

149.   AHM admits that Plaintiffs purport to bring this case as a "nationwide" class action under Fed. R. Civ. P. Rule 23 using the definition in paragraph 149, but expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment. Remainder denied.

150.   AHM admits that Plaintiffs purport to bring this case as a class action under three state-specific classes using the definitions in paragraph 150, but denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

151.   AHM admits that Plaintiffs purport to exclude certain persons and entities from their proposed classes, but expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

**B. Numerosity**

152.   Denied, and AHM expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.

**C. Common Questions of Law and Fact**

153.   AHM expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect. Remainder denied.

**D. Typicality**

154.   AHM expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect. Remainder denied.

**E. Protecting the Interests of the Class Members**

155.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155 regarding Plaintiffs or their counsel; therefore, denied.  Remainder denied, and AHM expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.

**F. Proceeding Via Class Action is Superior and Advisable**

156.   Denied, and AHM expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.

157.   AHM expressly denies that anyone is entitled to any relief whatsoever (including without limitation the relief requested in paragraph 157).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.

Remainder denied.

## FIRST CAUSE OF ACTION

**Breach of Implied and Express Warranties Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.**

**(Plaintiffs individually)**

158.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

159.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

160.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

161.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

162.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

163.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

164.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

165.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

## SECOND CAUSE OF ACTION

**Fraudulent Concealment**

**(Plaintiffs on behalf of the Nationwide Class, or in the alternative on behalf of their respective State Sub-Classes)**

166.   AHM realleges and incorporates by reference its answers to each and every allegation as though fully set forth herein.  Further, in its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—

1   no response to this dismissed claim is required.

2          167.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
3   fraudulent concealment claim under Illinois law—no response to this dismissed claim
4   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

5          168.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
6   fraudulent concealment claim under Illinois law—no response to this dismissed claim
7   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

8          169.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
9   fraudulent concealment claim under Illinois law—no response to this dismissed claim
10   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

11          170.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
12   fraudulent concealment claim under Illinois law—no response to this dismissed claim
13   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

14          171.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
15   fraudulent concealment claim under Illinois law—no response to this dismissed claim
16   is required.  Remainder denied.

17          172.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
18   fraudulent concealment claim under Illinois law—no response to this dismissed claim
19   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

20          173.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
21   fraudulent concealment claim under Illinois law—no response to this dismissed claim
22   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

23          174.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
24   fraudulent concealment claim under Illinois law—no response to this dismissed claim
25   is required.  Remainder denied.

26          175.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's
27   fraudulent concealment claim under Illinois law—no response to this dismissed claim
28   is required.  Remainder denied, and AHM expressly denies the existence of a defect.

176.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176 regarding Plaintiffs and other persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

177.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 177), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect.  Remainder denied.

178.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 178), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

179.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 179), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

180.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 180), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied, and AHM expressly denies the existence of a defect.

181.   In its order dated June 9, 2023, the Court dismissed Plaintiff Rivera's fraudulent concealment claim under Illinois law—no response to this dismissed claim is required.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 181), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

**THIRD CAUSE OF ACTION**

**Unjust Enrichment**

**(Plaintiffs on behalf of the Nationwide Class, or in the alternative on behalf of their respective State Sub-Classes)**

182.   AHM realleges and incorporates by reference its answers to each and every allegation as though fully set forth herein.

183.   Denied, and AHM expressly denies both the existence of a defect and that Plaintiffs' claims are or could ever be amenable to class treatment.

184.   Denied, and AHM expressly denies both the existence of a defect and that Plaintiffs' claims are or could ever be amenable to class treatment.

185.   Denied, and AHM expressly denies both the existence of a defect and that Plaintiffs' claims are or could ever be amenable to class treatment.

186.  Denied.

187.  Denied.

188.   AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 188), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

189.   AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 189), and expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

190.   In its order dated June 9, 2023, the Court found Plaintiffs lack standing to enjoin "further deceptive distribution, sales, and lease practices with respect to Class Vehicles" or sales of "the Class Vehicles with misleading information" or to seek

1  declaratory relief on the same—no response to the request for this relief is required.

2  AHM denies that anyone is entitled to any relief whatsoever (including without

3  limitation the relief required in paragraph 190).  AHM further expressly denies that

4  Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

5  expressly denies the existence of a defect.  Remainder denied.

6  **FOURTH CAUSE OF ACTION**

7  **Violation of the Minnesota Consumer Fraud Act,**

8  **Minn. Stat. Ann. § 325F.68, et seq.**

9  **(Plaintiff Plotts on behalf of the proposed Minnesota Class)**

10  191.  AHM realleges and incorporates by reference its answers to each and every

11  allegation as though fully set forth herein.

12  192.  Paragraph 192 consists of legal conclusions to which no response is

13  required.  To the extent a response is required, denied.

14  193.  Paragraph 193 consists of legal conclusions to which no response is

15  required.  To the extent a response is required, denied.

16  194.  Paragraph 194 consists of legal conclusions to which no response is

17  required.  To the extent a response is required, denied.

18  195.  Denied.

19  196.  Denied, and AHM expressly denies the existence of a defect.

20  197.  Denied.

21  198.  Denied, and AHM expressly denies the existence of a defect.

22  199.  Denied, and AHM expressly denies the existence of a defect.

23  200.  Denied.

24  201.  Denied, and AHM expressly denies the existence of a defect.

25  202.  Denied, and AHM expressly denies the existence of a defect.

26  203.  AHM denies that anyone is entitled to any relief whatsoever (including

27  without limitation the relief required in paragraph 203), and expressly denies that

28  Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

1    expressly denies the existence of a defect.  Remainder denied.

2        204.  Denied.

3        205.  Denied, and AHM expressly denies the existence of a defect.

4        206.  AHM lacks knowledge or information sufficient to form a belief as to the

5    truth or falsity of the allegations in paragraph 206 regarding Plaintiff Plotts and other

6    persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence

7    of a defect.

8        207.  AHM denies that anyone is entitled to any relief whatsoever (including

9    without limitation the relief required in paragraph 203), and expressly denies that

10   Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

11   expressly denies the existence of a defect.  Remainder denied.

12       208.  Denied, and AHM expressly denies the existence of a defect.

13       209.  In its order dated June 9, 2023, the Court found Plaintiffs lack standing to

14   enjoin "further deceptive distribution, sales, and lease practices with respect to Class

15   Vehicles" or sales of "the Class Vehicles with misleading information" or to seek

16   declaratory relief on the same—no response to the request for this relief is required.

17   AHM denies that anyone is entitled to any relief whatsoever (including without

18   limitation the relief required in paragraph 209).  AHM further expressly denies that

19   Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

20   expressly denies the existence of a defect.  Remainder denied.

21       210.  Denied.

22       211.  Paragraph 211 consists of legal conclusions to which no response is

23   required.  To the extent a response is required, denied.

24       212.  AHM denies that anyone is entitled to any relief whatsoever (including

25   without limitation the relief required in paragraph 212).  AHM further expressly denies

26   that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

27   expressly denies the existence of a defect.  Remainder denied.

28   ///

1

## FIFTH CAUSE OF ACTION

2

**Breach of the Implied Warranty of Merchantability under**

3

**Minn. Stat. Ann. § 336.2-314**

4

**(Plaintiff Plotts on behalf of the proposed Minnesota Class)**

5

213.   AHM realleges and incorporates by reference its answers to each and every

6

allegation as though fully set forth herein.

7

214.   Paragraph 214 consists of legal conclusions to which no response is

8

required.  To the extent a response is required, denied.

9

215.   Paragraph 215 consists of legal conclusions to which no response is

10

required.  To the extent a response is required, denied.

11

216.   Paragraph 216 consists of legal conclusions to which no response is

12

required.  To the extent a response is required, denied.

13

217.   Denied, and AHM expressly denies the existence of a defect.

14

218.   AHM denies that anyone is entitled to any relief whatsoever (including

15

without limitation the relief required in paragraph 218).  AHM further expressly denies

16

that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

17

expressly denies the existence of a defect.  Remainder denied.

18

## SIXTH CAUSE OF ACTION

19

**Breach of Express Warranty under Minn. Stat. Ann. § 336.2-313**

20

**(Plaintiff Plotts on behalf of the proposed Minnesota Class)**

21

219.   AHM realleges and incorporates by reference its answers to each and every

22

allegation as though fully set forth herein.

23

220.   AHM states that the NVLW speaks for itself.  Remainder denied.

24

221.   AHM lacks knowledge or information sufficient to form a belief as to the

25

truth or falsity of allegations in paragraph 221 concerning Plaintiff Plotts and other

26

persons' reliance; therefore, denied.  Remainder denied.

27

222.   AHM lacks knowledge or information sufficient to form a belief as to the

28

truth or falsity of allegations in paragraph 222 concerning the actions of Plaintiff Plotts

25

and other persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

223.   Denied, and AHM expressly denies the existence of a defect.

224.   Denied.

225.   Denied.

226.   Denied, and AHM expressly denies the existence of a defect.

227.   AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 227).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

## SEVENTH CAUSE OF ACTION

### Violation of the New York General Business Law

### N.Y. Gen. Bus. Law § 349

### (Plaintiff Caine on behalf of the proposed New York Class)

228.   AHM realleges and incorporates by reference its answers to each and every allegation as though fully set forth herein.

229.   Paragraph 229 consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

230.   Paragraph 230 consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

231.   Denied.

232.   Denied, and AHM expressly denies the existence of a defect.

233.   Denied.

234.   Denied, and AHM expressly denies the existence of a defect.

235.   Denied, and AHM expressly denies the existence of a defect.

236.   Denied.

237.   AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations in paragraph 237 concerning the Plaintiff Caine and other

persons' reliance; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

238.  Denied.

239.  Denied.

240.  Denied, and AHM expressly denies the existence of a defect.

241.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 241).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect.  Remainder denied.

242.  Denied.

243.  Denied.

244.  AHM lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 244 regarding Plaintiff Caine and other persons; therefore, denied.  Remainder denied, and AHM expressly denies the existence of a defect.

245.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 245).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect.  Remainder denied.

246.  Denied, and AHM expressly denies the existence of a defect.

247.  AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 247).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

## EIGHTH CAUSE OF ACTION

### Breach of Express Warranty under N.Y. UCC § 2-313

### (Plaintiff Caine on behalf of the proposed New York Class)

248.  AHM realleges and incorporates by reference its answers to each and every

1  allegation as though fully set forth herein.

2       249.   AHM states that the NVLW speaks for itself.  Remainder denied.

3       250.   AHM lacks knowledge or information sufficient to form a belief as to the

4  truth or falsity of allegations in paragraph 250 concerning Plaintiff Caine and other

5  persons' reliance; therefore, denied.  Remainder denied.

6       251.   AHM lacks knowledge or information sufficient to form a belief as to the

7  truth or falsity of allegations in paragraph 251 concerning the actions of Plaintiff Caine

8  and other persons; therefore, denied.  Remainder denied, and AHM expressly denies

9  the existence of a defect.

10      252.   Denied, and AHM expressly denies the existence of a defect.

11      253.   Denied.

12      254.   Denied.

13      255.   Denied, and AHM expressly denies the existence of a defect.

14      256.   AHM denies that anyone is entitled to any relief whatsoever (including

15  without limitation the relief required in paragraph 256).  AHM further expressly denies

16  that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder

17  denied.

18                        **<u>NINTH CAUSE OF ACTION</u>**

19  **Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act,**

20                        **815 ILCS 505/1,** *et seq.*

21           **(Plaintiff Rivera on behalf of the proposed Illinois Class)**

22      257.   AHM realleges and incorporates by reference its answers to each and every

23  allegation as though fully set forth herein.

24      258.   AHM states that the Illinois Consumer Fraud and Deceptive Business

25  Practices Act speaks for itself.  Remainder denied.

26      259.   Paragraph 259 consists of legal conclusions to which no response is

27  required.  To the extent a response is required, denied.

28      260.   Paragraph 260 consists of legal conclusions to which no response is

1    required.  To the extent a response is required, denied.

2        261.   Denied.

3        262.   Denied.

4        263.   Denied.

5        264.   Denied, and AHM expressly denies the existence of a defect.

6        265.   Denied, and AHM expressly denies the existence of a defect.

7        266.   Denied.

8        267.   AHM lacks knowledge or information sufficient to form a belief as to the

9    truth or falsity of allegations in paragraph 267 concerning Plaintiff Rivera and other

10   persons' reliance; therefore, denied.  Remainder denied, and AHM expressly denies the

11   existence of a defect.

12       268.   Denied, and AHM expressly denies the existence of a defect.

13       269.   AHM denies that anyone is entitled to any relief whatsoever (including

14   without limitation the relief required in paragraph 269).  AHM further expressly denies

15   that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

16   expressly denies the existence of a defect.  Remainder denied.

17       270.   Denied.

18       271.   Denied.

19       272.   AHM lacks knowledge or information sufficient to form a belief as to the

20   truth or falsity of the allegations in paragraph 272 regarding Plaintiffs and other persons;

21   therefore, denied.  Remainder denied, and AHM expressly denies the existence of a

22   defect.

23       273.   AHM denies that anyone is entitled to any relief whatsoever (including

24   without limitation the relief required in paragraph 273).  AHM further expressly denies

25   that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further

26   expressly denies the existence of a defect.  Remainder denied.

27       274.   Paragraph 274 consists of legal conclusions to which no response is

28   required.  To the extent a response is required, denied.

275.   AHM denies that anyone is entitled to any relief whatsoever (including without limitation the relief required in paragraph 275).  AHM further expressly denies that Plaintiffs' claims are or could ever be amenable to class treatment.  AHM further expressly denies the existence of a defect.  Remainder denied.

## TENTH CAUSE OF ACTION

### Breach of the Implied Warranty of Merchantability under

### 810 ILCS §§ 5/2-314 and 5/2A-212

### (Plaintiff Rivera on behalf of the proposed Illinois Class)

276.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

277.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

278.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

279.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

280.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

281.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

282.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

283.   In its order dated June 9, 2023, the Court dismissed this cause of action. No response is required.

## ELEVENTH CAUSE OF ACTION

### Breach of the Express Warranty under Ill. Comp. Stat. Ann. 5/2-313

### (Plaintiff Rivera on behalf of the proposed Illinois Class)

284.   AHM realleges and incorporates by reference its answers to each and every

1     allegation as though fully set forth herein.

2        285.   AHM states that the NVLW speaks for itself.  Remainder denied.

3        286.   AHM lacks knowledge or information sufficient to form a belief as to the

4 truth or falsity of allegations in paragraph 286 concerning Plaintiff Rivera and other

5 persons' reliance; therefore, denied.  Remainder denied.

6        287.   AHM lacks knowledge or information sufficient to form a belief as to the

7 truth or falsity of allegations in paragraph 287 concerning the actions of Plaintiff Rivera

8 and other persons; therefore, denied.  Remainder denied, and AHM expressly denies

9 the existence of a defect.

10        288.   Denied, and AHM expressly denies the existence of a defect.

11        289.   Denied.

12        290.   Denied.

13        291.   Denied, and AHM expressly denies the existence of a defect.

14        292.   AHM denies that anyone is entitled to any relief whatsoever (including

15 without limitation the relief required in paragraph 292).  AHM further expressly denies

16 that Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder

17 denied.

18                        **PRAYER FOR RELIEF**

19     Plaintiffs' prayer for relief does not contain factual allegations requiring a

20 response.  To the extent that Plaintiffs' prayer for relief does contain factual allegations,

21 AHM denies that anyone is entitled to any relief whatsoever, including without

22 limitation the relief requested in the "Prayer for Relief," and expressly denies that

23 Plaintiffs' claims are or could ever be amenable to class treatment.  Remainder denied.

24                           **JURY DEMAND**

25     Defendant American Honda Motor Co., Inc. demands a trial by jury of all issues

26 so triable.

27               **AFFIRMATIVE AND SEPARATE DEFENSES**

28     AHM's affirmative and separate defenses to Plaintiffs' FAC are set forth below.

By setting forth the following allegations and defenses, however, AHM does not assume the burden of proof or persuasion on matters and issues other than those on which AHM has the burden of proof or persuasion as a matter of law.  In addition, AHM does not hereby knowingly or intentionally waive any applicable defenses, and nothing herein should be construed as any such waiver.  AHM reserves the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise.  Upon completion of discovery, if the facts warrant, AHM may withdraw any of these additional defenses as may be appropriate.

### FOR A FIRST DEFENSE TO ALL CAUSES OF ACTION

Plaintiffs' FAC fails to state any claim upon which relief can be granted.

### FOR A SECOND DEFENSE TO ALL CAUSES OF ACTION

Plaintiffs cannot properly maintain their claims as a class action because the requirements under federal law for class certification are not and cannot be met and because certification of the proposed class or classes would result in a denial of due process to AHM, as well as to the proposed class and subclasses.

### FOR A THIRD DEFENSE TO ALL CAUSES OF ACTION

This action is not appropriate for class treatment because Plaintiffs' claims necessarily revolve around a myriad of factors, parties, and circumstances outside the control of AHM and which greatly vary.

### FOR A FOURTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent they have suffered no legal injury, including no injury to persons who purchased or leased the vehicles in question and did not experience the issues alleged in the FAC.

### FOR A FIFTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred by the economic loss doctrine.

### FOR A SIXTH DEFENSE TO ALL CAUSES OF ACTION

AHM'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Any claims for damages or other monetary recovery by Plaintiffs or on behalf of persons claimed to be members of the proposed class or subclasses must be offset or reduced by the value received from the vehicles purchased or leased.

### FOR A SEVENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent the sales and lease contracts pursuant to which they purchased or leased their respective vehicles contain arbitration clauses that require some or all of the claims asserted herein to be resolved through arbitration.

### FOR AN EIGHTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass for equitable relief are barred because: (a) Plaintiffs and the members of the proposed class or subclasses have an adequate remedy at law; (b) AHM does not sell vehicles directly to the public; (c) Plaintiffs and the members of the proposed class or subclasses entered into contracts which govern and limit the remedies to which they are entitled; (d) Plaintiffs and the members of the proposed class or subclasses are not in privity with AHM; and/or (e) the doctrine of primary jurisdiction.

### FOR A NINTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are time-barred, in whole or in part, under the applicable statutes of limitations and/or statutes of repose and/or by the doctrines of waiver, estoppel and/or laches.

### FOR A TENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent they have made statements or taken actions that estop them from asserting their claims.

### FOR AN ELEVENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, because Plaintiffs and members of the proposed class or subclasses cannot meet their burden of showing that any acts, conduct, statements or

omissions on the part of AHM were likely to mislead.

### FOR A TWELFTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent Plaintiffs and/or members of any proposed class or subclass were not actually deceived by and/or did not justifiably rely on any statements or omissions on the part of AHM when deciding whether to purchase or lease their vehicles.

### FOR A THIRTEENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent their injury, if any, was due to the intervening cause of another party.

### FOR A FOURTEENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent their injury, if any, was caused by their own conduct, whether negligent or otherwise, including without limitation driving habits, driving speed, vehicle maintenance or lack thereof, the use of aftermarket accessories in the vehicle, usage of the vehicle and numerous other factors within the control of Plaintiffs and/or members of the proposed class or subclasses. Further, Plaintiffs and members of the proposed class or subclasses who misused and/or abused the vehicle are barred, in whole or in part, from recovery.

### FOR A FIFTEENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent they have materially altered, modified or changed their vehicles subsequent to their original purchase or lease.

### FOR A SIXTEENTH DEFENSE TO ALL CAUSES OF ACTION

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent they have sold, destroyed, damaged, altered or otherwise disposed of their vehicles.

1    **FOR A SEVENTEENTH DEFENSE TO ALL CAUSES OF ACTION**

2          The claims of Plaintiffs and/or members of any proposed class or subclass are

3    barred, in whole or in part, to the extent they have brought other actions, whether in this

4    Court or any other tribunal, and received judgments or awards on some or all of the

5    claims asserted herein.

6    **FOR AN EIGHTEENTH DEFENSE TO ALL CAUSES OF ACTION**

7          The claims of Plaintiffs and members of the proposed class or subclasses are

8    barred, in whole or in part, to the extent they have failed to mitigate damages and/or

9    have caused some or all of the alleged damage of which they now complain.

10    **FOR A NINETEENTH DEFENSE TO ALL CAUSES OF ACTION**

11          Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the

12    United States Constitution and by the doctrine of preemption.

13    **FOR A TWENTIETH DEFENSE TO ALL CAUSES OF ACTION**

14          The claims of Plaintiffs and/or members of any proposed class or subclass are

15    barred or should be stayed, in whole or in part, because one or more federal agencies

16    have primary jurisdiction over the matter which in the subject hereof.

17    **FOR A TWENTY-FIRST DEFENSE TO ALL CAUSES OF ACTION**

18          The claims of Plaintiffs and/or members of any proposed class or subclass are

19    barred, in whole or in part, to the extent any such persons have released such claims.

20    **FOR A TWENTY-SECOND DEFENSE TO ALL CAUSES OF ACTION**

21          The claims of Plaintiffs and/or members of any proposed class or subclass are

22    barred, in whole or in part, to the extent any such person has resolved the same or

23    substantially similar claims as those alleged in the FAC based on the doctrine of accord

24    and satisfaction or other similar defense.

25    **FOR A TWENTY-THIRD DEFENSE TO ALL CAUSES OF ACTION**

26          The claims of Plaintiffs and/or members of any proposed class or subclass are

27    barred, in whole or in part, to the extent Plaintiffs and their counsel have failed to join

28    as parties to this action all persons and entities who would be necessary parties for

adjudication of their respective claims.

**FOR A TWENTY-FOURTH DEFENSE TO ALL CAUSES OF ACTION**

The relief sought by Plaintiffs is tantamount to a request for punitive damages and is barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, among other provisions.

**FOR A TWENTY-FIFTH DEFENSE TO ALL CAUSES OF ACTION**

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, because the named Plaintiffs and/or members of the proposed class or subclasses lack standing to assert those claims.

**FOR A TWENTY-SIXTH DEFENSE TO ALL CAUSES OF ACTION**

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent they engaged in unlawful, inequitable, or improper conduct.

**FOR A TWENTY-SEVENTH DEFENSE TO ALL CAUSES OF ACTION**

The claims of Plaintiffs and/or members of any proposed class or subclass are barred because AHM has released a free and efficacious remedy for the issues alleged in the FAC, thereby satisfying its purported warranty obligations and giving Plaintiffs and members of all proposed classes and subclasses a complete recovery.

**FOR A TWENTY-EIGHTH DEFENSE TO ALL CAUSES OF ACTION BASED ON CONSUMER PROTECTION STATUTES**

The claims of Plaintiffs and/or members of any proposed class or subclass are barred, in whole or in part, to the extent proposed class members are not "consumers" within the meaning of the statutes.

**FOR A TWENTY-NINTH DEFENSE TO ALL CAUSES OF ACTION BASED ON CONSUMER PROTECTION STATUTES**

The claims of Plaintiffs and/or members of any proposed class or subclass for damages are barred, in whole or in part, by provisions of the relevant state's consumer protection statute.

1  **RESERVATION AS TO ANY ADDITIONAL AFFIRMATIVE DEFENSES**

2      AHM has insufficient knowledge or information upon which to form a belief as

3  to whether it may have additional affirmative defenses that govern the claims asserted

4  by Plaintiffs and on behalf of persons claimed to be members of the proposed class or

5  subclasses.   AHM, therefore, reserves the right to raise additional defenses as

6  appropriate.

7      **WHEREFORE**, having fully answered Plaintiffs' FAC, Defendant American

8  Honda Motor Co., Inc. prays the Plaintiffs' FAC be dismissed, with prejudice, and for

9  such other relief as the Court may deem just and proper.

10

11  Dated: July 14, 2023                    **KING & SPALDING LLP**

12

13                                         By*: /s/ Michael B. Shortnacy*
                                           Michael B. Shortnacy

14
                                           Attorneys for Defendant
15                                         AMERICAN HONDA MOTOR CO., INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

AHM'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT